**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFREDO JIMENEZ ULLOA, AKA Alfredo Ulloa Jimenez, | No. 19-72791 |
| Petitioner, | Agency No. A205-722-037 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2022**
Pasadena, California

Before: BENNETT and SUNG, Circuit Judges, and FOOTE,*** District Judge.

Petitioner Alfredo Jimenez Ulloa, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals (BIA) order upholding the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

immigration judge's (IJ) denial of his motion to reopen.  We review the "BIA's ruling on a motion to reopen . . . for abuse of discretion" and its factual findings for substantial evidence.  *Jie Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004).  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Petitioner's motion to reopen claimed that he qualifies for cancellation of removal based on new evidence showing that his "removal would result in exceptional and extremely unusual hardship to [his two sons], who [are] citizen[s] of the United States."  8 U.S.C. § 1229b(b)(1)(D).  The BIA determined that Petitioner's evidence failed to meet the evidentiary requirements for a motion to reopen: "A motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.23(b)(3).  The BIA found that the medical evidence regarding Andrew Jimenez was not material because Petitioner presented no evidence showing that Andrew is his son and thus a qualifying relative under the cancellation of removal statute.  The BIA also found that although Petitioner had submitted evidence showing that Aiden Jimenez is his son, Petitioner failed to show that the evidence of Aiden's medical condition was previously unavailable.

The BIA's findings are supported by the record.  Thus, it did not abuse its discretion in upholding the IJ's denial of the motion to reopen.

**PETITION DENIED.**